EDWARD W. TAYLOR, Respondent, *v.* ANDREW RANDALL, Appellant.

An affidavit to the effect that an instrument has been materially altered. without showing in any manner' in what the alteration consists, furnishes but feeble ground upon which to base a motion to set aside a judgment.

An admission by an attorney of record of the correctness of an amount due, for which judgment is taken, when not done in fraud of the rights of his client, destroys the effect of a denial in an answer.

APPEAL from the Superior Court of the city of San Francisco.

*William J. Shaw* for Appellant.

*Campbell, Taylor & Beckh,* for Respondent.

No briefs are found on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

It appears from the record sent up in this cause, that the defendant was sued for the balance due upon a promissory note made by him payable to C. S. Wolfe or order, and transferred by him to plaintiff, for the sum of four thousand dollars, the note drawing three per cent. per month interest after thirty days from date, and that the same was dated August 7, 1853. The defendant in his answer, not being under oath, avers that the note has been materially altered and mutilated,

without pointing out in what particular the alteration consists, and also avers that he has offsets as against Wolfe the payee, and that the note was transferred, after it became due, to plaintiff. It also appears that William J. Shaw, the attorney for defendant, endorsed upon the note an admission that the amount for which judgment was taken was due upon the note; judgment was accordingly entered for that amount in the Court below.

The defendant, upon an affidavit made by him setting forth that he was surprised in the bringing on of the cause; upon the day judgment was taken that he was necessarily absent from the Court; and that on account of his absence, his counsel was not enabled to defend, moved to set aside the judgment. He also sets up in his affidavit, that the note had been materially altered and defaced, but without stating in what the alteration consisted. I think that the Court below very properly refused to set aside the judgment.

An affidavit to the effect that an instrument had been materially altered, without showing in any manner in what the alteration consists, would furnish but feeble ground upon which to base a motion to set aside a judgment.

The admission of the attorney of record of the correctness of the amount due for which judgment is taken, when not done in fraud of the rights of his client, must destroy the effect of the denial in the answer. The motion to set aside the judgment was properly overruled.

Judgment below affirmed with costs.